## LOWE v STATE

Ohio Appeals, 2nd Dist, Montgomery Co

No. 876. Decided May 22, 1929

Messrs. F. W. and F. G. Krehbiel, Dayton, for Lowe.

Messrs. J. B. Harshman and Lon V. Volz, Dayton, for State.

**HORNBECK, J.**

On the first ground of error, the record in the trial court does not disclose the absence of defendant when sentence was pronounced, and a presumption of regu-

larity attends all the proceedings as appearing in the record. Thus, it would be presumed that defendant was in court. The record as disclosed by the Entry overruling the motion for new trial and sentencing defendant, shows that the defendant was represented, gave notice of filing his petition in error, and no specific exception was made or saved touching the absence of defendant at the time sentence was pronounced. Therefore, the alleged error is not assigned for consideration.

The attempt to bring into the record for the first time in the Common Pleas Court, by affidavit, proof of absence of defendant when sentence was pronounced, is too late and the court could not consider the matter therein contained, being restricted to the bill of exceptons as signed and certified by the trial judge. If the bill did not contain the full and true statement of all the proceedings and testimony taken below, then the proper step was by motion for a diminution or correction of the record addressed to the trial court.

As to the second proposition, quotations from the transcript of testimony and proceedings at the close of the trial, as appearing in the bill of exceptions at page 22, will be helpful in determining the question before us.

Page 22 of the Bill of Exceptions:-
"Q. You had no notion of using that gun at all?
A. No, sir.
Q. You were just going to put it away, is that right?
A. I know I got more sense than pointing at the Police Force.
Q. Answer my question.
A. Yes.
Q. That is all.
At this point the defense rests its case.
By the counsel for the defense:
We have no witnesses.
By the Court; Anything else?
By the counsel for the defense:
No, nothing else.
By the Court: Find the defendant 'Guilty'.
By the counsel for the defense:
For the purpose of the record, may I just renew my Motion, so the record will be straight?
By the counsel for the prosecution:
He has let that time go by. He certainly has.
By the Court: You wanted to be technical in this case. You have let the time for that motion pass."

Then follow several pages of discussion concerning the right of defense to renew his motion to dismiss the case on the grounds of failure to prove venue and want of jurisdiction of the court. It will be noted that first the attorney for the defendant stated that the defense rested its case, followed by the further statement: "We have no witnesses". Then the court inquired if there was anything else, and to this inquiry, reply was made by counsel for the defense: "No, nothing else." This last statement, by its terms, could not refer to the use of further witnesses, but included everything except the calling of more witnesses because counsel's former reference related to that subject only. Nothing was suggested at the time concerning the desire of counsel to argue the case to the court, nor in the pages following the judgment of guilty by the court. There is no suggestion of any desire or purpose to be heard in argument, all the exceptions and objections being taken to another phase of the procedure.

The rule controlling the action of reviewing courts is stated in **McHugh vs. State, 42 OS., 154,** wherein it is stated:-
"In a proceeding to reverse a judgment in either a civil or criminal case, the Court regards the record as free from error until the contrary clearly appears."
**Riley vs. Rice, 40 OS. 441.**
**Koch vs. Hotel Company, 13 O. C. C. (N. S.) 163.**

Applying this test to the record under consideration, it does not appear that error has intervened to the prejudice of defendant below.

The judgment of the Common Pleas Court will be affirmed and the cause will be remanded to the trial court for execution of sentence.

Kunkle and Allread, JJ, concur.